UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOLEKSIS B. TUTORA, SR.,

                        Plaintiff,

                                                                  <u>DECISION AND ORDER</u>

                                                                  10-CV-6117L

                  v.

NURSE NANCY HILL,

                        Defendant.
_____

      Plaintiff, Toleksis B. Tutora, Sr., proceeding *pro se*, brings this action against defendant Nancy Hill. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that Hill, who at all relevant times was a nurse employed by DOCS, violated his federal constitutional rights in certain respects in 2009, while plaintiff was confined at Groveland Correctional Facility. Defendant has moved for summary judgment.[1]

      The basis for Hill's motion is that plaintiff has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), *see* 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement pertains to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

      The complaint here alleges that there is a grievance procedure at Groveland, *see* Dkt. #1 at 5, but it does not allege any facts about whether plaintiff ever filed or pursued any grievances concerning the matters giving rise to this lawsuit. In support of her motion for summary judgment,

---

[1] Plaintiff's claims against two other defendants, Groveland Correctional Facility and Dr. Lester Wright, have been dismissed. *See* Dkt. #5, #10.

Hill has submitted evidence that DOCS has no record of any grievance or appeal by plaintiff about those matters. *See* Dkt. #12, #13. Plaintiff–who was fully advised by defendants and by this Court of the nature of a summary judgment motion and of the consequences of his failure to rebut defendants' factual assertions in their motion, *see* Dkt. #11, #16, #17–has responded to the motion, but his response deals only with the underlying facts of his claim, and it does not address the exhaustion issue. *See* Dkt. #18.

Since plaintiff has not even alleged that he has exhausted his administrative remedies, much less rebutted defendants' evidence in that regard, his complaint must be dismissed. The PLRA makes clear that all levels of the prison grievance procedure must be exhausted before an inmate may commence litigation in federal court. *See Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007). Since plaintiff has apparently not met that requirement, his complaint must be dismissed. *See Crenshaw v. Syed*, 686 F.Supp.2d 234, 236 (W.D.N.Y. 2010).

## CONCLUSION

Defendant Nancy Hill's motion for summary judgment (Dkt. #11) is granted and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 19, 2011.